FILED
 2014 Mar-27  PM 02:40
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **COREY TRINETT SIMPSON,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **Case No.: 5:11-cv-8017-RDP-PWG** |
| ) | **5:09-cr-0156-RDP-PWG** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM OPINION AND ORDER

The Magistrate Judge filed a Report and Recommendation on January 16, 2014, recommending that the motion to vacate, set aside, or correct sentence ("Motion") filed by Movant, Corey Trinett Simpson ("Movant"), pursuant to 28 U.S.C. § 2255, be denied and dismissed with prejudice. (Doc. # 22). On March 12, 2014, Movant filed objections to the Report and Recommendation. (Doc. # 29).[1]

Movant objects on a number of grounds, almost all of which were considered and rejected by the Magistrate Judge. Regarding these objections, Movant presents nothing warranting a departure from the Report and Recommendation. The only objection not addressed by the Magistrate Judge is that, at sentencing, Movant instructed his attorney to appeal regarding the amount of cocaine which he pled guilty to possessing. (Doc. # 29 at 3). Movant contends that his attorney failed to do so. (*Id.*). As noted in the Report and Recommendation, Movant has filed numerous amendments, motions to amend, and other supplemental pleadings in this case. (*E.g.* Doc. # 22 at 2, n.1). However, nowhere in Movant's many filings has he alleged that his attorney refused

---

[1] Movant's objections were delayed by his transfer to a different correctional facility and subsequent motion for an extension of time. (*See* Docs. ## 24-28).

his instruction to file an appeal. The court has discretion whether to address arguments presented for the first time in objections to a Report and Recommendation. *Williams v. McNeil*, 557 F.3d 1287, 1291-92 (11th Cir. 2009). This court will exercise its discretion by refusing to consider Movant's newly-asserted arguments.[2]

Having carefully reviewed and considered *de novo* all the materials in the court file, the court is of the opinion that the Magistrate Judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**. Movant's objections (Doc. # 29) are hereby **OVERRULED**. Accordingly, the petition for writ of habeas corpus is due to be denied and dismissed with prejudice.

Finally, in accordance with Rule 11 of the *Rules Governing Section 2255 Proceedings*, the court must issue or deny a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation omitted). Movant has failed to meet this standard. Accordingly, a certificate of appealability is hereby **DENIED**.

A final judgment will be entered.

---

[2] The court does so for a number of reasons. First, Movant's delay in raising this issue is substantial. Second, the court told Movant at his sentencing hearing that he could file an appeal *and* the Clerk of Court would assist him in doing so if he moved for and was granted *in forma pauperis* status. Third, despite numerous opportunities to do so, Movant has never—even once—previously hinted that he desired to file a direct appeal and instructed his lawyer to file one, but that his lawyer failed to do so. Fourth, the court finds such an appeal would have been futile in any event. The court's colloquy with Movant at the time of his consent hearing makes clear that he knowingly and voluntarily stipulated to the drug quantity at issue. Thus, even if he could establish cause (*i.e.*, that his lawyer failed to file an appeal as instructed), he cannot establish prejudice (*i.e.*, the appeal would have been wholly without merit).

**DONE** and **ORDERED** this   27th   day of March, 2014.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE